In the Matter of JAMES V. MULLANEY, Petitioner, against ERNEST L. STEBBINS, as Commissioner of Health of the City of New York, Respondent.

First Department, June 27, 1945.

*Patrick I. Flannelly* of counsel (*Fred M. Ahern,* attorney), for petitioner.

*Henry J. Shields* of counsel (*James Hall Prothero* with him on the brief; *Ignatius M. Wilkinson, Corporation Counsel,* attorney), for respondent.

GLENNON, J. The petitioner is an honorably discharged veteran having served in the United States Army during the World War from September 15, 1917, to June 13, 1919, including front line duty for eight months with the American Expeditionary Forces. Prior to his entry into the service of his country, on October 19, 1916, he was appointed after competitive examination to the position of clerk, grade 1, in the Department of Health of the City of New York. Later, after having passed promotion examinations, he was advanced to grade 2, and finally to grade 3. During all that time no charges or complaints, insofar as the record shows, were ever filed against him.

On the 18th of January, 1943, he was suspended from his duties in the department. Later, on the 22d of January, he was served with a copy of charges. They are as follows:

" 1. That on January 16, 1943, at 4:20 P.M., you were seen by Dr. Frank A. Calderone, Secretary of the Department of Health, standing by the information desk in the front hall, and were then about to leave the building, although your tour of duty required you to remain until 5:00 P.M.

" 2. That you replied to Dr. Calderone's greeting in a rude and insolent manner.

" 3. That you were under the influence of liquor.

" 4. That you acted in a loud and boisterous manner.

" 5. That although Dr. Calderone had instructed you to appear before him Monday morning, January 18, 1943, you failed to appear or report to Dr. Calderone's office the reason for such failure.

" 6. That from October 16th, 1939 to December 31, 1939 you had a total lateness record of 536 minutes. In 1940 you were late for a total of 2,462 minutes. In 1942, through September 15th, your total lateness record was 1,825 minutes, and from October 26, 1942 to January 16, 1943 you had a total lateness record of 185 minutes. That as a result of the time lost by you due to lateness the work required to be performed by you was neglected.

" 7. That your neglect in the performance of your duty and conduct unbecoming a member of the Department of Health was prejudicial to the efficiency and morale of the service in this Department."

He was notified to make answer and give explanation orally or in writing, or both, with respect to the charges on January

28, 1943. While he was informed in the communication containing the charges that, if an honorably discharged veteran, he might be represented by counsel, still he appeared as a witness without representation. Apparently he had no idea that his removal was sought. He did not appreciate the fact that if found guilty he would be deprived of his pension rights.

It should be noted that the so-called " lateness record ", the basis for the sixth charge, refers to the period from October 16, 1939, to December 31, 1939. It also covers the year 1940. Apparrently there was no complaint with reference to lateness in 1941. In 1942 and up until January 16, 1943, his " lateness record " is set forth. The present commissioner, it appears, was appointed on July 11, 1942. Neither he nor any of his predecessors complained or warned the petitioner of tardiness. Petitioner points to the fact that had charges pertaining to his lateness been preferred against him, under the rules and regulations for employees of the department, they should have been referred to the so-called Personnel Board, and that the practice of the department for years has been to have the Personnel Board recommend deductions in salary in cases of excessive and inexcusable lateness. There is nothing in the charges themselves which would indicate to the petitioner that he would possibly be dismissed.

Subdivision 2 of section 22 of the Civil Service Law reads, in part, as follows : " The person whose removal is sought shall have written notice of such proposed removal and of the reasons therefor, and shall be furnished with a copy of any charges preferred against him, and shall be allowed a reasonable time for answering the same in writing."

We are of the opinion that the notice which was served upon the petitioner did not comply with the provisions of the law. There is nothing in it which might lead one to believe that the petitioner was one " whose removal is sought." The penalty imposed would seem to be drastic.

The failure of the commissioner to comply with the provisions of section 22 of the Civil Service Law is such as to render the proceeding invalid. Consequently, the determination should be annulled, with $50 costs and disbursements to the petitioner, and the petitioner reinstated.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Determination unanimously annulled, with $50 costs and disbursements to the petitioner, and the petitioner reinstated. Settle order on notice.